UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
AMY MOORE

                                Plaintiff,

        -against-                                  **COMPLAINT**

WESTCHESTER MEDICAL CENTER HEALTH NETWORK,

                                Respondent.
---------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This Action arises from violations of FMLA 29 U.S.C. § 2615 et. seq ("Family Medical Leave Act") or ("FMLA") and the Americans with Disabilities Act 42 U.S.C. §12101 or ("ADA").

2. This Court has jurisdiction under 28 U.S.C. §1331, Federal question, and Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear claims so related under NYSHRL §296.

3. The venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 as Defendant conducts business there, and a substantial part of the events giving rise to the cause of action arose there.

## THE PARTIES

4. Plaintiff Amy Moore ("Ms. Moore") or ("Plaintiff") resides at 553 Prospect Hill Road, Cuddebackville, NY, 12729.

5. On information and belief, Defendant Westchester Medical Center ("Defendant") or ("W.M.C.") is a hospital operating in the State of New York and is doing business in New York State at 100 Woods Road, Taylor Pavilion, 2nd Floor, Valhalla, NY 10595.

## BACKGROUND FACTS

6. The Defendant is an "employer" under the New York State Human Rights Law ("NYSHRL").

7. The Defendant is an "employer" under the Family Medical Leave Act.

8. The Defendant is an "employer" under the Americans with Disabilities Act.

9. Defendant employs more than 15 employees in the State of New York.

10. Defendant is engaged in an industry affecting commerce and employs 50 or more employees.

1

11. Defendant is a hospital located in Westchester County, New York.

12. Defendant hired Ms. Moore from July 2003 through September 16, 2021.

13. Plaintiff is an employee of Defendant who has been employed for at least 12 months and for at least 1,250 hours during the previous 12-month period.

14. While working for Defendant, Ms. Moore worked as a manager of volunteer workers, and also served as a guest services worker, and a gift shop operator.

15. Ms. Moore had a nervous breakdown on June 8, 2021, and her doctor certified her FMLA leave request. The Defendant granted the leave request and thereafter, Ms. Moore was on FMLA leave.

16. Ms. Moore's nervous break was a serious health condition that caused occasional periods of incapacity, and further required treatment by a healthcare provider at least twice a year.

17. Moreover, Plaintiff's serious health condition was also a disability under the ADA as her anxiety and depression was a mental impairment impacting her ability to think, focus, and drive.

18. When Ms. Moore was on leave, she was told that a coworker, Andrea Studnitzer, said that she had abandoned her job and that the lock on her office had been changed. When she heard this news, she was emotionally shocked and devasted, and subsequently emailed the supervisor Patrick Schmincke to find out if she was in fact fired.

19. Mr. Schimncke told Ms. Moore that she was not fired, but that while Ms. Moore was on leave, Defendant was investigating and performing an audit into the gift shop.

20. On September 1, 2021 (before Ms. Moore was scheduled to return from leave), she met with her supervisor Brian McCabe, and the auditor, Jim.

21. During the meeting, Defendant accused Ms. Moore of not making appropriate deposits on behalf of the gift shop for three years and further accused her of misplacing tens of thousands of invoices.

22. Defendant told Ms. Moore to go home since she was suspended without pay pending an investigation into the allegations of mismanagement.

23. Plaintiff found the circumstances of her suspension extremely suspicious, as previously there had been no policy regarding invoices, and her manager voiced no concerns to her regarding invoices or missing money.

24. Moreover, there were other individuals employed by the Defendant, such as the couriers, who were previously fired for stealing and misappropriating money from the gift shop, yet no investigation, audit, or inquiry was done into the procedures of the gift shop by her managers, despite her manager and directors being privy to this information.

25. On information and belief, these invoice issues and missing money issues were going on for years, yet management never addressed it.

26. In response to the allegations, Ms. Moore emailed Michael Israel (President and C.E.O. of Respondent), asking him to investigate the couriers. Jim (the auditor) refused to investigate the couriers although there was ample evidence that their past actions of theft and mismanagement impacted the invoices and the amount of money that would have been viewed as "missing" from an audit.

27. Ms. Moore received a letter from the Department of Labor dated September 3, 2021, stating that Defendant had terminated her employment just two days after being informed about the investigation into the gift shop allegations.

28. On information and belief, Defendants made the decision to terminate Plaintiff without doing a proper investigation as the DOL issued the letter in a time frame that would require knowledge of her termination prior to Plaintiff being notified that she was suspended, and that she was under investigation.

29. Instead of doing a proper investigation, as Defendant has done in the past with other employees, Defendant summarily discharged Plaintiff for being out on FMLA without reinstating her, and without allowing her to defend herself against the very serious accusations Defendant made against her.

30. Defendant was also aware that Plaintiff was suffering from a disability upon her return to work yet did not engage in any process whatsoever to determine if Plaintiff needed an accommodation.

31. On November 8, 2022, Plaintiff received a right-to-sue notice from the EEOC.

**FIRST CAUSE OF ACTION**
(Interference with entitlement to FMLA leave)
(29 USC §2615)

32. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

33. On information and belief, at all times relevant hereto, Ms. Moore was entitled to the protections of the FMLA, and Defendant was subject to the FMLA.

34. Plaintiff suffered from a serious health condition as defined in the FMLA.

35. Under the FMLA, an employee is required to be reinstated to their former position or to an equivalent position upon their return from FMLA leave.

36. Defendant interfered with Plaintiff's FMLA rights when they refused to reinstate her from her FMLA leave, under the pretext that she was somehow responsible for a problem with invoices and missing money that had been going on for years.

37. By Defendant's failure to comply with the requirements of the FMLA by failing to return Plaintiff to her previous position, Defendant violated the FMLA and the supporting Federal department of labor regulations.

## SECOND CAUSE OF ACTION
(Discrimination/ Retaliation - FMLA)
(29 USC §2615)

38. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

39. On information and belief, at all times relevant hereto, Ms. Moore was entitled to the protections of the FMLA, and Defendant was subject to the FMLA.

40. The Defendant knew that Plaintiff was exercising her FMLA rights as she applied and was subsequently granted FMLA leave.

41. Defendant took an adverse employment action against Plaintiff when they fired her after exercising her FMLA rights.

42. Defendant termination arose under circumstances giving rise to an inference of discrimination as these "invoice issues" and "missing money" issues were known to the employer for years, yet they failed to address them.

43. Curiously, the Defendant only chose to act on this immediately before her reinstatement was supposed to occur under the FMLA.

44. Moreover, Plaintiff received a letter from the DOL dated September 3rd that she was terminated when her suspension had started on September 1st.

45. Due to the timing of the DOL letter, and knowledge of how long it takes for the DOL to issue letters, on information and belief Defendant did not engage in any "investigation" they merely told Plaintiff they did, and subsequently summarily terminated her.

46. By Defendant's failure to comply with the requirements of the FMLA and the supporting Federal department of labor regulations, Defendant violated Ms. Moore's rights and caused her harm.

## THIRD CAUSE OF ACTION
(State Disability Discrimination)
(New York Executive Law §296 et. seq.)

47. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

48. The provisions of N.Y. Executive §296 covered Defendant and protected Plaintiff.

49. The Defendant is an "employer" under the definition defined in §296 of the NYSHRL.

50. Under §296, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability such as the disability possessed by Plaintiff. §296 further requires that an employer like Defendant must accommodate an employee, like Plaintiff, so that

she may continue performing her job duties.

51. Specifically, Defendant had a legal duty to engage in an interactive process with Plaintiff and accommodate Plaintiff Moore to ensure that she could perform her job duties.

52. Plaintiff was a disabled individual who requested a reasonable accommodation of medical leave to treat her disability. Defendant denied reinstating Plaintiff from medical leave and denied Plaintiff's reasonable accommodation request in violation of the New York State Human Rights Law.

53. Moreover, there was no interactive process with Plaintiff regarding her disability upon her return to work.

54. Ms. Moore has suffered because of Defendant's unlawful discriminatory conduct.

55. As such, Defendant violated NYSHRL §296 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

**THIRD CAUSE OF ACTION**
(Failure to accommodate- NY)
(New York Executive Law §296 et. seq.)

56. Plaintiff repeats, realleges, and reincorporates every allegation as though fully set forth herein.

57. The provisions of N.Y. Executive §296 covered Defendant and protected Plaintiff.

58. The Defendant is an "employer" under the definition defined in §296 of the NYSHRL.

59. Under §296, an employer is required to engage in an interactive process with an employee to determine a reasonable accommodation for a disability the employer knew or should have known about.

60. Plaintiff suffered from severe anxiety and depression and thus had a nervous breakdown. Plaintiff had to provide a doctor's note to Defendant for FMLA leave, thus, Defendant knew that Plaintiff had a disability.

61. Plaintiff's nervous breakdown was a mental impairment that substantially limited her ability to think, focus, drive, etc.

62. Thus, Defendant had a legal duty to engage in an interactive process with Plaintiff and accommodate Plaintiff Moore to ensure that she could perform the essential functions of her job duties with out without an accommodation, provided such accommodation did not impose an undue hardship to the Defendant.

63. Plaintiff was a disabled individual who requested a reasonable accommodation of medical leave to treat her disability. Defendant denied reinstating Plaintiff from medical leave and denied Plaintiff's reasonable accommodation request in violation of the New York State Human Rights

Law.

64. Moreover, there was no interactive process with Plaintiff regarding her disability upon her return to work.

65. Ms. Moore has suffered because of Defendant's unlawful discriminatory conduct.

66. As such, Defendant violated NYSHRL §296 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## FOURTH CAUSE OF ACTION
(DISABILITY DISCRIMINATION)
(42 .S.C §12112(a) Americans With Disabilities Act)

67. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

68. The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

69. Under §12101, it is unlawful for an employer such as Defendant to discriminate against an individual based on disability such as the one possessed by Plaintiff. §12101 further requires that an employer, such as Defendant, accommodate an employee like Plaintiff to continue performing her job duties.

70. Specifically, Defendant had a legal duty to accommodate Plaintiff by reinstating her to her previous job.

71. Moreover, Defendant was required to further engage in an interactive process with Plaintiff regarding her known disability, upon her return to work to see if she could perform the essential functions of the job with or without an accommodation.

72. The Defendant subjected Plaintiff to an adverse employment action when they refused to reinstate her from her medical leave. And when they failed to engage in the interactive process with Plaintiff. As such, Defendant violated 42 U.S.C §12101 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## FIFTH CAUSE OF ACTION
(Disability Discrimination- Failure to Accommodate)
(42 U.S.C §1211(b)(5)(A) Americans with Disabilities Act)

73. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

74. Under the Americans With Disabilities Act, the Defendant was required to engage in an interactive process with Plaintiff to determine if there was a reasonable accommodation that could be granted to Plaintiff that did not impose an undue burden on Defendant.

75. Plaintiff was a disabled individual who requested a reasonable accommodation of medical leave to treat her disability.

76. As part of that accommodation, the Defendant was required to reinstate Plaintiff to her original position, or an equivalent position.

77. Moreover, Defendant was required to further engage in an interactive process with Plaintiff regarding her known disability, upon her return to work to see if she could perform the essential functions of the job with or without an accommodation.

78. Defendant both failed to reinstate Plaintiff and failed to engage in an interactive process with the Plaintiff regarding her known disability.

79. As such, Defendant failed to reasonably accommodate Plaintiff in violation of the Americans With Disabilities Act and Plaintiff is entitled to all remedies as allowed under the law.

## **DEMAND FOR TRIAL BY JURY**

80. Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

WHEREFORE, Plaintiff respectfully prays that this agency enters a judgment:

A. Directing Defendant to pay all lost wages and benefits and an additional and equal amount as liquidated damages pursuant to the FMLA and the supporting United States Department of Labor regulations;

B. Directing Defendant to pay Plaintiff all economic and non-economic damages afforded to him under the Americans with Disabilities Act;

C. Directing Defendant to pay Plaintiff the lost wages and benefits under New York State Human Rights Law;

D. Directing Defendant to pay Plaintiff compensatory damages as determined by a trier of fact;

E. Directing Defendant to pay prejudgment interest, post-judgment, interest, costs and disbursements, and other and further relief as this Court deems just and equitable.

F. Directing Defendant to pay reasonable attorney fees and expenses incurred in bringing this Action;

G. Any other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

-Signature on the next page-

Dated:   White Plains, New York
         February 7, 2023

                        By: *Jordan El-Hag*
                               Jordan El-Hag, Esq.
                               Attorney for Plaintiff
                               777 Westchester Ave, Suite 101
                               White Plains, N.Y, 10604
                               (914) 218-6190 (p)
                               (914) 206-4176 (f)
                               Jordan@elhaglaw.com